————————o————————

## No. 3858.

### (Court of Appeal, Parish of Orleans.)

### JOHN C. STANNARD, vs. SOUTHERN TRADE EXCHANGE, LTD., AND SOUTHWESTERN MERCANTILE AGENCY, LTD.

According to our appreciation of the record the plaintiff has not made out his case with legal certainty.

Appeal from Civil District Court, Division "B."

Stafford & Lambert, for Plaintiff and Appellee.

R. E. Foster, for Defendant and Appellant.

DUFOUR, J. The plaintiff alleges that he entered into a contract with the Southern Trade Exchange Co., Ltd., on February 10th, 1904, as agent to solicit subscriptions to the proposed publication of the "Credit Experience Guide," and that, for his labors, he was to receive certain commissions, some in cash at the time of the subscription contracts, others upon delivery of the book and payment of the price.

That in March, April, May, June, July and August, 1904, he made certain contracts which he assured the subscribers, under instructions from defendant, would be completed within ninety days.

Plaintiff further avers "that this part of the said contract was not fulfilled by the said company, but on the contrary, said work was not delivered until February, 1905; that owing to the delay on the part of said company and to the mismanagment thereof has caused (sic) the said contracts to deteriorate in value, that

275

had the contracts been given the attention which petitioner had every reason to believe they would be given by the said company, the said contracts would have been paid in full by the parties contracting therefor, and petitioner is entitled to receive in full on said contracts.

The sum of $478.25 is claimed as a balance due as commissions on the unpaid balance of certain contract prices.

Plaintiff's case is pitched on the theory that the refusal of the subscribers to take the book was due to the unreasonable delay of the company in delivering it. The record shows delay, but we find no proof that the refusal to take the book was rested by the subscribers on the ground that the delivery was too late. Plaintiff's recovery is contingent upon this and his proof fails.

Judgment reversed, and plaintiff's demand rejected as in case of non-suit at his costs in both Courts.

April 2, 1906.

## ON REHEARING.

Issues of fact only are involved herein.

Previous decree remains undisturbed.

DUFOUR, J. The grounds upon which a rehearing was asked are thus stated by the applicant.

First. That the Court erred in deciding that the record showed no proof to a legal certainty that the refusal to accept the books contracted for by subscribers was because of defendant's delay in delivering them.

Second. That the Court erred in predicating its opinion solely upon the testimony adduced and not the testimony in conjunction with the written contract upon which the suit is based.

Third. That the Court erred in holding that the compensation claimed by plaintiff was contingent upon the payment of the subscribers to defendant's publication.

Fourth. That the record shows that Stannard's half of each contract amounted to $385, one half of his cash and time

contracts collected by defendants amounted to $181.45, less advances made to him of $541.25, leaving a balance due him of $25.20.

At the second hearing, the plaintiff with the record before him found himself unable to point to a single line of evidence showing that a single contract was repudiated because of defendant's delay in delivering the books.

## 2 and 3.

Plaintiff's brief says that "the contract calls for no more than a *delivery* of the books in order for him to deserve his compensation, there is nothing going to show in that intsrument that he ever took upon himself the risk of the acceptance or payment of these subscriptions."

This is clearly an after thought and was not even remotely suggested in the original argument, oral or written; had it been completely answered, as it now is, by the statement that Stannard testifies that his compensation was contingent upon delivery *and payment,* and that his pleadings so allege.

## 4

The argument on this point by plaintiff is:

"By the statement of Stannard, attached to his petition and admitted as correct, it is shown that he did $770 worth of paid up contracts. He is entitled to one half of this for his trouble, making the sum of $385 due him already. On the other hand, as per statement of defendant's filed in the record, we see that they acknowledge owing him 181.45/100, representing a 50 per cent commission on an amount of $362.90-100 worth one half cash and half time contracts. These two together will equal the sum of $566.45-100 due for undisputed earnings. From that we will substract $541.25-100 which Stannard admits was paid him, and we have a balance of $25.20-100 still remaining due in any event."

The defendant's answer to this claim is as follows:

"Plaintiff makes the mistake of stating that the statement annexed to his petition is admitted to be correct, on the contrary,

this statement was always objected to. It is incorrect in that it fails to debit the very item he is now seeking to recover, to-wit: $385. The amount of commissions which he undoubtedly earned but which was paid him at the time he earned it."

The latter theory appears to be the more plausible and acceptable; the petition and accounts are rather vague, and we now still more positively re-iterate what we originally said that the suit was intended to recover plaintiff's share of the credit price *due* by subscribers, whether they had accepted the book or not, and did not contemplate any anterior indebtedness.

Stannard's testimony does not strengthen his calculations; it is somewhat confused and uncertain.

Thus:

"Q. You are claiming in this suit fifty per cent on the *unpaid* balance of the contracts set out in your itemized accounts, less the amount of money that you had previously been advanced?

A. Yes, sir.

Q. So at the time you say this concern was dead and not doing anything, they had still paid you $541.25 more than was due; isn't that correct?

A. If you look at it that way."

And latter on the witness explains rather incomprehensively:

"But if that work had been delivered six months ago, then I would have had the same balance due me to-day I would have had my money. This is why the balance showed an overdraft because I had not got the credit for my work."

We find no error in our opinion which leaves to the plaintiff an opportunity of renewing his demand.

Our previous decree remains undisturbed.